United States District Court
Southern District of Texas
**ENTERED**
May 21, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLEN LEE HAYWARD, (Inmate # 02610719), | § § § | |
| *Plaintiff,* | § § § | |
| vs. | § | CIVIL ACTION NO. H-24-1327 |
| HARRIS COUNTY JAIL, *et al.*, | § § § | |
| *Defendants.* | § § § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Glen Lee Hayward, (Inmate #02610719), is an inmate in custody at the Harris County Jail. Proceeding *pro se* and *in forma pauperis*, he filed a civil rights complaint under 42 U.S.C. § 1983, alleging that the Jail and two of its detention officials have violated his constitutional rights. (Dkt. 1). Because Hayward is an inmate who proceeds *in forma pauperis*, the Court is required to examine his complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B), § 1915A(b). After reviewing the pleadings and the applicable law, the Court concludes that this case must be dismissed for the reasons explained below.

I. **BACKGROUND**

Hayward is currently in the Harris County Jail awaiting trial on a charge of aggravated assault on a family member. *See* Harris County District Clerk Docket Search, www.hcdistrictclerk.com (visited May 15, 2024). He alleges that the Harris County Jail lacks the basic necessities for proper hygiene, which permits germs to spread throughout the Jail. (Dkt. 1, p. 4). He also alleges that the Jail does not provide inmates with an "ample amount of body wash," so he and others are constantly "breaking out." (*Id.*). In addition, he alleges that Sergeant Pickins and Detention Officer Espinoza sometimes require inmates to show an empty toilet paper roll before they will be given a new roll. (*Id.* at 3-4). Hayward seeks "just compensation" for his pain and suffering and physical, mental, and emotional distress. (*Id.* at 4).

In his complaint, Hayward admits that he previously filed an action against Harris County Sheriff Ed Gonzalez concerning these same conditions. (*Id.* at 2). And court records show that Hayward filed a previous action under 42 U.S.C. § 1983 against Sheriff Gonzalez for "the lack of proper cleaning supplies so germs are constantly being passed and spread." *See Hayward v. Sheriff Ed Gonzalez*, Civil No. H-24-385 (S.D. Tex.), at Dkt. 1. In his amended complaint in that action, Hayward alleged that the Jail had "no hot water, no cleaning chemicals, [and] no bodywash. *Id.* at Dkt. 10. He sought compensatory damages for his mental anguish and

suffering. *Id.* That action was dismissed on May 10, 2024, based on the Court's finding that Sheriff Gonzalez was not personally involved in any of the actions identified by Hayward. *Id.* at Dkt. 15.

Hayward filed his current complaint on April 11, 2024, while his earlier case against Sheriff Gonzalez was still pending. (Dkt. 1). He does not explain why he filed this second action while the original one was still pending.

## II. LEGAL STANDARDS

### A. Actions Under 42 U.S.C. § 1983

Hayward brings his action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). When the facts alleged by the plaintiff, taken as true, do not show a violation of a constitutional right, the complaint is properly dismissed for failure to state a claim. *See, e.g., Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *Rios v. City of Del Rio,*

*Tex.,* 444 F.3d 417, 421 (5th Cir. 2006).

### B.     The Prison Litigation Reform Act

Because Hayward is a prisoner, his action is subject to the provisions of the Prison Litigation Reform Act ("PLRA"), which was "designed to filter out the bad claims filed by prisoners and facilitate consideration of the good." *Coleman v. Tollefson,* 575 U.S. 532, 535 (2015) (quoting *Jones v. Bock,* 549 U.S. 199, 202-03 (2007)) (cleaned up). To accomplish this, the PLRA requires federal district courts to screen prisoner complaints and dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See Crawford-El v. Britton,* 523 U.S. 574, 596-97 (1998); *see also* 28 U.S.C. § 1915(e)(2)(B); § 1915A(b); 42 U.S.C. § 1997e(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged

are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up).

A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing the complaint, the Court must construe all allegations "liberally in favor of the plaintiff" and must consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). If the complaint does not state a claim for relief, it may be dismissed, even before service on the defendants. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C. *Pro Se* Pleadings

Hayward is proceeding *pro se* in this action. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, *pro se* litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must "properly plead sufficient facts that, when liberally construed, state a plausible claim

5

to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

## III. DISCUSSION

### A. Hayward's Complaint is Malicious Under the PLRA

As explained above, the Court is required to dismiss claims alleged by a prisoner that are frivolous or malicious or fail to state a claim upon which relief can be granted. A complaint is considered malicious for purposes of the PLRA if it duplicates allegations made in another federal lawsuit by the same plaintiff. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993); *see also Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1987) (per curiam) ("Repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) as malicious.") (cleaned up). Actions that arise from the same series of events and allege the same facts as a prior action are considered malicious and will be dismissed. *See Willis v. Bates*, 78 F. App'x 929, 929 (5th Cir. 2003) ("A district court may dismiss a lawsuit as malicious if it arises from the same series of events and alleges many of the same facts as an earlier suit."); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) ("[C]omplaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.").

6

In his current complaint, Hayward alleges that the Jail is not supplying him with proper cleaning products, body wash, and toilet paper. But court records clearly reflect that Hayward unsuccessfully litigated these same claims against Sheriff Gonzalez, as the Jail supervisor, in a separate lawsuit filed previously in this district. His current claims concerning cleaning products and body wash are duplicative of his prior action. Those claims will be dismissed as malicious and legally frivolous.

### B.   Hayward Fails to State a Claim for Relief Under § 1983

Even if Hayward's claims are not considered duplicative of his earlier claims because he names a different defendant, his complaint must still be dismissed because he does not allege claims that are actionable under § 1983.

#### 1.   Claims Against the Harris County Jail.

Hayward names the Harris County Jail as a defendant in his action. His claims against the Jail must be dismissed because the Jail does not have the capacity to be sued.

A party to a lawsuit must have the capacity to sue or be sued. *See* FED. R. CIV. P. 17(b). "The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting FED. R. CIV. P. 17(b) (1991)). Under Texas law, a county jail is not a separate legal entity capable of being sued. *See Patterson v. Harris Cnty. Jail*, No. H-09-1516, 2009 WL 10705736, at *3 (S.D.

7

Tex. May 29, 2009) ("As a division within the Harris County Sheriff's Department, the Harris County Jail does not qualify as an entity with capacity under the rules because it cannot sue or be sued."). And while the Jail is operated by the Harris County Sheriff's Office, the Sheriff's Office also lacks the capacity to be sued. *See Potts v. Crosby Indep. Sch. Dist.*, 210 F. App'x 342, 344-45 (5th Cir. 2006) (per curiam) (upholding the dismissal of claims against the Harris County Sheriff's Office on the grounds that it lacked the capacity to be sued).

Because the Jail lacks the legal capacity to be sued, it cannot be named as a defendant. Hayward's claims against the Jail are dismissed with prejudice under § 1915(e)(2)(B)(i) as legally frivolous.

### 2. Claims Against Pickins and Espinoza.

Hayward also names Sergeant Pickins and Detention Officer Espinoza as defendants, alleging that each of them "forced [inmates] to present an empty roll to receive toilet paper." (Dkt. 1, p. 3). Hayward does not allege that he was denied toilet paper; only that he had to present the empty roll to receive more.

These allegations, even if true, do not establish a constitutional violation. *See McClure v. Foster*, 465 F. App'x 373, 375 (5th Cir. 2012) (temporary denial of toilet paper does not constitute cruel and unusual punishment under the Constitution); *see also Delgado v. U.S. Marshals*, 618 F. App'x 236, 237 (5th Cir. 2015) (holding that cold food, poor-quality linens, and limited toilet paper may have been unpleasant,

8

but they were not inhumane conditions); *Martin v. Live Oak Cnty. Jail*, No. 2:22-cv-00156, 2023 WL 2874461, at *23 (S.D. Tex. Jan. 23, 2023) ("The fact that Plaintiff was denied access to a shower on two occasions and toilet paper for a short period of time, while perhaps unpleasant, does not equate to the sort of unhealthy conditions or deprivation of the 'minimal civilized measure of life's necessities' necessary to allege a viable constitutional violation.") *report & recommendations adopted*, 2023 WL 2873382 (S.D. Tex. Apr. 10, 2023), *aff'd*, No. 23-40254, 2023 WL 7206638 (5th Cir. Nov. 1, 2023); *Adams v. Lumpkin*, No. 6:22cv177, 2022 WL 2336082, at *3 (E.D. Tex. May 10, 2022) (denial of toilet paper for part of a day did not rise to the level of a constitutional violation); *Hanson v. Richardson*, No. 2:06-cv-0178, 2008 WL 818893, at *4 (N.D. Tex. Mar. 27, 2008) (allegations that the inmate was denied regular showers or toilet paper, without more, do not amount to a constitutional "deprivation of the 'minimum civilized measure of life's necessities'"); *Gonzalez v. Gillis*, No. 5:20-cv-158, 2021 WL 5277163, at *4 (W.D. Miss. Aug. 5, 2021) (temporary deprivation of toilet paper does not rise to the level of a constitutional violation).

Hayward's allegations show, at most, a temporary denial of toilet paper. These allegations, without more, do not show that Pickins and Espinoza violated Hayward's constitutional rights by depriving him of the "minimum civilized measure of life's necessities. The claims against Pickins and Espinoza must be

9

dismissed for failing to state a claim upon which relief can be granted.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Hayward's complaint, (Dkt. 1), is **DISMISSED with prejudice** as legally frivolous under 28 U.S.C. § 1915(e)(2)(B).

2. Any pending motions are **DENIED as moot.**

3. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List Manager at the following email: **Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on _____May 21_____, 2024.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE